UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PEARSON, | : | NO: 1:08-CV-00881 |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY, | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Rule 41(A) Motion to Dismiss without Prejudice, Or, in the Alternative, to Extend the Discovery Deadline (doc. 17), and Defendant Ford Motor Company's Response in Opposition (doc. 20). For the reasons indicated herein, the Court DENIES Plaintiff's motion.

Plaintiff filed this action on April 2, 2008 in the Hamilton County Court of Common Pleas; Defendant removed it to this Court on December 23, 2008 (doc. 1). Defendant filed its Amended Answer on January 30, 2009 (doc. 8).

Plaintiff's counsel disregarded the original pretrial schedule, and ultimately was suspended from the practice of law in Ohio (doc. 17). Plaintiff's present counsel, Ronald Seibel, entered his appearance on February 25, 2009 (doc. 10). At the preliminary pretrial conference before this Court, the parties agreed to mediate, and the Court set a pretrial calendar with a discovery cut-off of September 1, 2009 (doc. 11).

Plaintiff's counsel indicates that he did not propound discovery on Defendant so as to control costs and to maintain civility in the light of the parties' agreement to mediate (doc. 17). Indeed, the parties conducted mediation on July 21, 2009, after which they reached a negotiated settlement (Id.).

Plaintiff had reservations about the settlement, consulted with other attorneys, and by early September decided not to execute the settlement agreement, and asked his counsel to file the instant motion (Id.). Plaintiff explained at a September 24, 2009 status conference before the Court that he could not accept the settlement and that another attorney advised him to file this motion (Id.). Plaintiff's actions are contrary to the advice of his present counsel, who has expressed his desire to withdraw from representing Plaintiff (Id.).

Plaintiff's counsel represents that he did not conduct discovery so as to limit the expense of litigation, and not for any dilatory purpose (Id.). Plaintiff's counsel therefore requests, on behalf of his client, either a voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a), or in the alternative, an extension of discovery until April 1, 2010 (Id.).

Defendant objects to Plaintiff's motion on the basis that it has complied with every court deadline, it engaged in discovery in good faith, it negotiated a settlement, and essentially at the eleventh hour, Plaintiff now seeks voluntary dismissal (doc. 20).

2

Defendant quotes August Storck KG v. Nabisco, Inc., No 95 C 1446, 1996 U.S. Dist. LEXIS 16143 (N.D. Ill. October 30, 1996), for the proposition that "[a]n attempt to extend the court-ordered discovery schedule is an unacceptable basis on which to grant [Plaintiff's] voluntary dismissal motion" (Id.). Moreover, Defendant contends it would suffer plain legal prejudice due to its effort and expense in litigating this case, the excessive delay and lack of diligence of Plaintiff in prosecuting this action, the insufficient explanation for Plaintiff's desire to dismiss his case without prejudice, and the status of Defendant's pending dispositive motion (Id. citing Cone v. West Virginia Pulp & Paper Co., 30 U.S. 212 (1947), Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)). Specifically, Defendant contends the advanced stage of this litigation, where discovery has been closed for months and dispositive motions are due, underscores the plain legal prejudice Defendant would suffer if Plaintiff is allowed to voluntarily dismiss his case (Id.).

Having reviewed this matter, the Court does not find Plaintiff's motion well-taken. Obviously, Plaintiff is precluded from entering a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) because Defendant has long since filed its Answer, and Amended Answer to Plaintiff's Complaint. The Court does not find dismissal proper under Rule 41(a)(2) for all of the reasons articulated by Defendant. Most particularly, the Court finds well-

3

taken Defendant's argument that it would suffer legal prejudice if Plaintiff were permitted to dismiss his action without prejudice to refiling. Defendant has conformed to the Court's schedule, engaged in discovery, and negotiated with Plaintiff in good faith. Indeed, the parties reached a settlement that Plaintiff, against the advice of his own Counsel, wishes to abandon. It would not comport with the interests of justice to allow Plaintiff to render all of Defendant's actions nearly meaningless at this late stage in the litigation. The discovery cut-off has passed, and as the Court now issues the instant Order, pursuant to its October 27, 2009 Order (doc. 19), dispositive motions are due within fourteen days.

Accordingly, the Court DENIES in entirety Plaintiff's Rule 41(A) Motion to Dismiss without Prejudice, Or, in the Alternative, to Extend the Discovery Deadline (doc. 17).

SO ORDERED.

Dated: 1/14/10

S. Arthur Spiegel
United States Senior District Judge