```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

TIMOTHY PEARSON,                :        NO. 1:08-CV-00881
                                :
    Plaintiff,               :
                                :
  v.                            :        **OPINION AND ORDER**
                                :
FORD MOTOR COMPANY,             :
                                :
    Defendant.               :

This matter is before the Court on Defendant's Renewed Motion for Summary Judgment (doc. 65), Plaintiff's Response in Opposition (doc. 68), Defendant's Reply (doc. 74), Plaintiff's Supplemental Memorandum (doc. 86), and Defendant's Supplemental Memorandum (doc. 88).  Also before the Court are Defendant's Motion to Strike All or Portions of the Affidavit of Robert Howard (doc. 71), Defendant's Motion to Strike All or Portions of the Affidavits of Gary Bowling, Aaron Cook, and Timothy Vinegar (doc. 72), Plaintiff's Response in Opposition (doc. 77), and Defendant's Replies (docs. 80, 81).  Finally the Court notes Plaintiff filed a Notice of Correction (doc. 97).  For the reasons indicated herein, the Court DENIES Defendant's motions.

**I.  Background**

The Court already issued an Order on Defendant's motion for summary judgment (doc. 40) in which it denied summary judgment as to Plaintiff's Family and Medical Leave Act and Title VII claims.  The Court incorporates by reference the background

information of this case from such Order.

Essentially, this case is about a long-term employee of Defendant, who shortly after taking leave, was fired. Plaintiff contends he was wrongfully terminated in retaliation for having filed three discrimination complaints, and after he took FMLA leave. Defendant contends it fired Plaintiff rather for expressing homicidal thoughts to a company-retained doctor, to the effect that he had felt like taking a gun to work and shooting some one. Defendant claims to have a "zero-tolerance" policy for workplace violence or threats of such violence, and Plaintiff's termination was based on such policy.

Defendant now signals to the Court that witnesses whose affidavit testimony the Court relied on in rendering its decision have recanted their testimony. Specifically, the witnesses now deny having seen incidences of threats or violence described in their affidavits. Because the Court viewed such testimony as creating a genuine issue of material fact as to whether there really was a zero tolerance policy regarding violence, Defendant contends the Court should revisit its earlier decision, find no genuine issue of material fact, and grant it summary judgment. Defendant further contends it has proferred evidence of other employees that were fired for making threats of workplace violence similarly to Plaintiff, and Plaintiff's argument based on John Doe, an employee who made threats in 2005 but was not fired should be

rejected as the situation was distinguishable (doc. 88). Finally Defendant contends the Court should strike all the affidavits Plaintiff used to withstand summary judgment as well as the more recently-proffered affidavit of Robert Howard (docs. 71, 72)).

Plaintiff contends that Defendant is merely reiterating arguments the Court already rejected once (doc. 68). Moreover, in Plaintiff's view, Defendant's motions to strike should all be rejected, as he is not relying on the attacked portions of the affidavits to withstand summary judgment (doc. 77).

**II. Discussion**

To obtain judicial reconsideration of a judicial decision, a disappointed litigant must do more than simply claim the Court erred. Considerations of finality require that a motion for reconsideration may only be granted when the litigant has shown 1) new evidence that was not previously available, 2) an intervening change in controlling law, or 3) a decision by the court that is so "clearly erroneous" as to "work a manifest injustice." Petition of the United States Steel Corp., 479 F.2d 489, 494 (6th Cir.), cert. denied, 414 U.S. 589 (1973). The Court does not find that Defendant has met any of these requirements. Although arguably the new affidavits could be considered new evidence, the testimony therein was previously available. There has been no change in controlling law, and allowing Plaintiff his day in court--the practical outcome of the Court's decision-works

3

no "manifest injustice."

Clearly, the Court's previous Order relied on more than statements now rejected by the affiants in this matter regarding threats of workplace violence.  The Court examined the alleged "zero tolerance" policy and found that on its face "the policy is more akin to a laundry list of 'do's and don'ts, like don't smoke, don't run in the hallway. . .make sure you punch your time clock, don't fight, be nice to your fellow employee.'" The Court found well-taken Plaintiff's position that a jury could find the policy was not a zero tolerance policy because, "at the heading of the policy it says that anyone who violates any one of these dictates is subject to discipline which may include discharge."  The Court noted that a reasonable jury might very well find Defendant's invocation of a "zero tolerance" policy questionable when on the face of such policy discharge is in reality one option among others.

Moreover, Plaintiff now proffers evidence from yet another employee, John Doe, who allegedly made verbal threats but who was not terminated for having done so.  Although Defendant contends John Doe's situation is distinguishable because Doe allegedly made the verbal threats with a secret agenda to get inpatient care, the fact of the matter is Doe was not fired, but given a chance to explain himself.  Plaintiff was not accorded such treatment.

4

The Court has further reviewed the new affidavits by the employees who now say they did not read the affidavits before signing them, and that had they done so, they would not have signed them. The Court finds suspect recantations by employees who very well could be changing their stories so as to protect their employment. The Court has already stated in its previous Order that credibility determinations are in the province of a jury. The jury can determine which statements are true in assessing each of the witnesses' testimony, which shall be subject to cross-examination. Defendant can also renew its motions at trial as liminal motions, should it become evident that hearsay testimony is entering into the case. As it stands now, the Court is simply not convinced that Plaintiff's case is premised on any improper statements. There is plenty of evidence that a fact-finder could review so as to conclude that the "zero tolerance" policy did not really exist.

As the Court already stated, "this case does not involve a face-to-face threat in the workplace, nor does it involve an employee actually brandishing a weapon in the workplace." Further, "a jury might find Ford's reaction unjustified, especially when the letter it relied upon recommended time off for Plaintiff, when Plaintiff was on disability leave for mental stress due to alleged discrimination, and when Plaintiff was a decades-long employee on the cusp of gaining valuable retirement benefits." This basic

5

analysis is untouched by Defendant's instant motions.

Accordingly, the Court DENIES Defendant's Renewed Motion for Summary Judgment (doc. 65), DENIES Defendant's Motion to Strike All or Portions of the Affidavit of Robert Howard (doc. 71), and DENIES Defendant's Motion to Strike All or Portions of the Affidavits of Gary Bowling, Aaron Cook, and Timothy Vinegar (doc. 72).  The Court FURTHER SETS a final pretrial conference in this matter for January 4, 2012, and the three-day jury trial to commence on February 21, 2012.


SO ORDERED.


Dated: November 22, 2011       /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge