UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY PEARSON,               :          NO. 1:08-CV-00881
                               :
        Plaintiff,             :
                               :
    v.                         :          **OPINION AND ORDER**
                               :
FORD MOTOR COMPANY,            :
                               :
        Defendant.             :


        This matter is before the Court on Defendant's Motion to
Dismiss Plaintiff's Amended Complaint Or, in the Alternative,
Motion to Reconsider (doc. 107), Plaintiff's Response in Opposition
(doc. 108), and Defendant's Reply (doc. 109). For the reasons
indicated herein, the Court GRANTS IN PART and DENIES IN PART
Defendant's Motion.

**I.  Background**

        This case is about a long-term African-American employee
of Defendant, who shortly after taking leave, was fired. Plaintiff
contends he was wrongfully terminated in retaliation for having
filed three discrimination complaints, and after he took Family and
Medical Leave Act ("FMLA") leave. Defendant contends it fired
Plaintiff rather for expressing homicidal thoughts to a company-
retained doctor, to the effect that he felt like taking a gun to
work and shooting some one. Defendant claims to have a "zero-
tolerance" policy for workplace violence, and Plaintiff's
termination was based on such policy. At the time of his

discharge, Plaintiff was two years short of vesting in optimal retirement benefits.

Plaintiff originally filed his Complaint in the Hamilton County Court of Common Pleas (doc. 2); Defendant removed the action to this Court in December 2008 (doc. 1). Plaintiff went through two attorneys, one of whom was disbarred, before being represented by current counsel (doc. 27).

The Court denied Defendant summary judgment as to Plaintiff's retaliation and Family Medical and Leave Act ("FMLA") claims on October 5, 2010 (doc. 40). The Court further denied Defendant's Renewed Motion for Summary Judgment, that was premised on the theory that Plaintiff's case should be dismissed after three witnesses recanted their testimony (doc. 101). The Court denied such motion, finding it a jury question to evaluate the credibility of the testimony of the witnesses (Id.). The Court set this matter for final pretrial conference in January 2012 (Id.).

At the January 6, 2012 conference, Plaintiff requested the Court for leave to amend the Complaint to add a disability claim (doc. 103). The Court granted such leave finding it appropriate to allow an amendment of the pleadings "to conform them to the evidence and raise an unpleaded issue" (Id. quoting Fed. R. Civ. P. 15(b)). Plaintiff then filed an Amended Complaint (doc. 105), adding a disability claim, but also adding a claim for "Wrongful Retaliatory Denial of Retirement Benefits in Violation of

Ohio Law," Ohio Revised Code Chapter 4112.02(I). Defendant subsequently filed the instant motion to dismiss, which is ripe for the Court's consideration.

## II. The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94

IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. <u>Iqbal</u>, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. <u>Id.</u>, citing <u>Twombly</u>, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), quoting <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit

4

clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III.  The Parties' Arguments**

Defendant contends in its motion that all of Plaintiff's state law claims are related to the allegation that Ford wrongfully denied him retirement benefits, and as such, all of his state law claims are preempted by the Employee Income Security Act ("ERISA"), 29 U.S.C. § 1144(a) (doc. 107). Defendant further contends it was clear error for the Court to allow Plaintiff to amend his Complaint at the "eve of trial" to add a disability claim, that Plaintiff's motion to amend was made in bad faith, and in any event, when an employee makes a threat of violence, he loses all protection of disability discrimination statutes (Id. citing Green v. Burton Rubber Processing, Inc., 30 Fed. Appx. 466 (6th Cir. 2002)).

Plaintiff responds that Defendant's motion is simply a reversion to "its usual scorched earth tactic of asking the court to again reverse its previous decision," and that because the trial was postponed to allow for further discovery, Ford suffers no prejudice from the addition of the disability claim (doc. 108).

Plaintiff further contends that its state law claims are the same claims pending from the onset of this litigation, some five years ago (Id.). Plaintiff argues Count One of his Complaint alleges that he was retaliated against for filing discrimination complaints, and that retirement benefits are only mentioned in a recital of his damages resulting from such retaliation (Id.). Plaintiff expresses no intent to file an ERISA case which would involve a burden of proof he acknowledges he cannot meet (Id.). As for Count Two of his Complaint, "Wrongful Retaliatory Denial of Retirement Benefits in Violation of Ohio Law," Ohio Revised Code Chapter 4112.02(I), Plaintiff contends all discrimination claims brought under such section would be preempted by ERISA if "a facet of damages claimed by the terminated employee was entitlement to retirement benefits" (Id.).

As for his disability claim, Plaintiff responds that his claim under Ohio law is not precluded as his situation is different from that in Green. (Id.). Unlike the employee in such case Plaintiff's doctor did not see Plaintiff's expression of homocidal ideation as a credible threat requiring the attention of police, Plaintiff did not go to work after making the threat (as he was on leave), and Plaintiff owned no guns (Id.).

Finally, Plaintiff contends Defendant's alternative motion for reconsideration should be denied (Id.). Citing Blair v. Board of Trustees of Sugarcreek Twp., No. 3:07-CV-056, 2008 WL

6

4372665 (S.D. Ohio Sept. 22, 2008), Plaintiff argues motions for reconsideration are extraordinary in nature and, because they run against notions of formality, should be discouraged (Id.).

In Reply, Defendant reiterates its view that all of Plaintiff's state law claims relate to an ERISA benefits plan, and therefore are preempted (doc. 109). Defendant contends there is no question that Plaintiff's second claim for relief relates to a retirement plan, and it is thus "disingenuous at best" for Plaintiff to argue his Amended Complaint has nothing to do with ERISA (Id.). Defendant further contends its citation to Green was correct such that Plaintiff's disability claim should be barred, and that Plaintiff's "underhanded tactics" of potentially seeking to amend his complaint at trial to add a discrimination claim should not be rewarded (Id.).

IV. **Discussion**

As an initial matter, the Court finds the hyperbole used by both sides in their briefing bordering on shrill. There is no need for counsel to accuse one another of lack of good faith, underhanded tactics, or of "tortured logic," and "bluster." The Court appreciates the efforts of counsel to advance the interests of their respective parties, but finds such language unhelpful.

Having reviewed this matter, the Court finds well-taken Defendant's position that Plaintiff's Amended Complaint includes a second count, which explicitly references "wrongful denial of

7

retirement benefits" that is preempted by ERISA. However, the Court also agrees with Plaintiff's position that it would be overreaching to consider Plaintiff's remaining state law claims as similarly preempted. Plaintiff's first claim remains a claim for retaliation for having made civil rights complaints. The fact that he allegedly suffered various damages, including among such damages reduced retirement benefits, does not convert his civil rights claim into an ERISA claim.

The Court has already issued a ruling regarding Plaintiff's expression to his doctor, and in its view, it is clearly in question whether Plaintiff's words constituted a <u>bona fide</u> threat. His doctor did not appear to think so, as she recommended more time off, and she did not contact the authorities. The Court disagrees with Defendant that <u>Green</u> bars Plaintiff from advancing his claim for disability discrimination. This case is different. Plaintiff's allegations show he was on disability leave for mental stress related to discrimination. Such allegations are plausible, and can support a claim for disability discrimination. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

As a final matter, the Court sees no real prejudice that has accrued to Defendant by allowing Plaintiff to amend his Complaint. The trial has been postponed, and Defendant has had time to conduct any necessary discovery. As such, the Court finds no basis to reconsider its ruling granting Plaintiff leave to amend

8

his Complaint.

**V.  Conclusion**

        The Court finds that Count Two of Plaintiff's Amended Complaint is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a).  However, the Court rejects Defendant's contention that the remaining state law claims in Plaintiff's complaint are similarly barred, as such claims relate to retaliation for filing civil rights complaints.  The Court further finds no basis to dismiss Plaintiff's disability claim, as such claim is plausible under the facts alleged in this case.

        Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss Plaintiff's Amended Complaint Or, in the Alternative, Motion to Reconsider (doc. 107), only to the extent that it dismisses Count Two of Plaintiff's Amended Complaint as preempted by ERISA.  The Court further DENIES Defendant's Alternate Motion for Reconsideration (doc. 107).


        SO ORDERED.


Dated: May 22, 2012          s/S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge